

**SO ORDERED.**
**SIGNED this 25th day of April, 2014**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

In re:  
   
STEVEN ERICH HUBBARD,  
   
    Debtor;  
   
STEVEN ERICH HUBBARD,  
   
    Plaintiff  
   
v  
   
   
PENNSYLVANIA HIGHER EDUCATION
ASSISTANCE AGENCY,  
   
    Defendant.

No. 13-15606
Chapter 7

Adversary Proceeding
No. 14-1010

1

**MEMORANDUM**

The debtor Steven Erich Hubbard ("Debtor" or "Plaintiff") filed a complaint in this adversary proceeding against defendant Pennsylvania Higher Education Assistance Agency ("PHEAA" or "Defendant"). [Doc. No. 1, Complaint].[1] He seeks the dischargeability of certain student loans pursuant to 11 U.S.C. § 523(a)(8). He further seeks declaratory relief from this court pursuant to 11 U.S.C. § 105(a) that certain student loans pose an "undue hardship" upon him.

The Defendant PHEAA has filed a motion to dismiss the Debtor's Complaint claiming that it is not the guarantor or owner of the loans, but is merely the servicer of the debt. [Doc. Nos. 5, 6]. The Debtor opposes the motion. [Doc. No. 8].

The court has reviewed the motion, the briefing of the parties, the record, and the applicable law and now makes the following findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052. For the reasons explained *infra*, the court determines that the Defendant's motion for summary judgment will be GRANTED.

**I.    Background**

The Debtor filed his Chapter 7 voluntary bankruptcy petition on November 4, 2013. [Bankr. Case No. 13-15605, Doc. No. 1]. He listed the Defendant on his Schedule F as a creditor holding an unsecured nonpriority claim in the amount of $9,384.14. *Id.* at p. 22. The Debtor asserts that according to the National Student Loan Data System, he owes several student loans to PHEAA. He contends that he owes $14,016 in principal to PHEAA and $213 in accumulated interest. He further alleges that he obtained the student loans in order to attend Schoolcraft

---

[1] All docket entry reference numbers refer to docket entries for Adversary Proceeding No. 14-1010, unless otherwise noted.

College, Washtenaw Community College, and Wayne State University and to obtain a bachelor's degree in accounting and finance. Complaint, ¶¶ 18,19.

The Debtor's Complaint contends that payment of such student loans constitutes an undue hardship pursuant to 11 U.S.C. § 523(a)(8). In the Complaint the Debtor describes his financial difficulties, including the financial obligations he is incurring to help support his permanently disabled mother. Complaint, ¶¶ 22-23. He asserts that his mother is unable to work and receives no governmental or private income to pay her living expenses or for her medical care. *Id.*

The Defendant's argument is simple. It alleges that it is not the owner or the guarantor of any of the loan obligations listed by the Debtor in the Complaint. Instead, it is the servicer of such loans for the United States Department of Education. The Defendant has filed an exhibit in support of its motion to dismiss that is the Affidavit of Lee C. Koller. [Doc. No. 5-1, ("Koller Affidavit")]. In the affidavit, Mr. Koller, the Vice President of Loan Operations at "Fed Loan Servicing," a fictitious name used by PHEAA, indicates that he has personal knowledge of the Debtor's student loans at issue in this adversary proceeding. Koller Aff., ¶ 2. His affidavit indicates:

> I am familiar with the accounts of Steven Erich Hubbard (collectively the "Hubbard accounts").
> Through Fed Loan Servicing, PHEAA's role in the management of the Hubbard accounts is limited to that [of] "Servicer".
> As Servicer, Fed Loan Servicing performs functions in the administration and collection of student loan obligations under the terms of a servicing agreement with the owners of the loans that comprise the accounts.
> Neither PHEAA nor Fed Loan Servicing, are an owner or holder of any loans that comprise the accounts of Steven Erich Hubbard, nor do they hold any financial interest in the loans that comprise the accounts.
> Fed Loan Servicing services six (6) loans in the account of Steven Erich Hubbard on behalf of the holder and guarantor thereof, the United States Department of Education.

3

Koller Aff., ¶¶ 2-7.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6), incorporated into adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must "treat as true all of the well-pleaded allegations of the complaint." *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996)). In addition, a court must construe all allegations in the light most favorable to the plaintiff. *Bower*, 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991)).

The Supreme Court has explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007). The complaint " 'must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.' " *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

In this adversary proceeding the Defendant attached the Koller Affidavit in support of its motion to dismiss. [Doc. No. 5-1]. When a party attaches material outside of the pleadings to support its motion to dismiss, the court should convert the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) to one for summary judgment pursuant to Fed. R. Civ. P. 56. *See Wysocki v. Int'l Business Machine Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). Federal Rule of Civil Procedure 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings

4

are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The court concludes that the Debtor, representing himself pro se, has had an opportunity to respond to the Defendant's motion to dismiss. He has filed a response to the motion to dismiss, as well as an affidavit in support of an entry of default. [Doc. Nos. 7, 8]. In addition, because the court has determined to give the Debtor time to move to add the U.S. Department of Education as a defendant, the Debtor will not be prejudiced by the court's conversion of the motion to dismiss into one for summary judgment.

Federal Rule of Bankruptcy Procedure 7056 makes Federal Rule of Civil Procedure 56 applicable to bankruptcy adversary proceedings. *See* Fed. R. Bank. P. 7056. Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The burden is on the moving party to show conclusively that no genuine issue of material fact exists, and the Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Morris v. Crete Carrier Corp.*, 105 F.3d 279, 280-81 (6th Cir. 1997); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Kava v. Peters*, No. 09-2327, 2011 WL 6091350, at *3 (6th Cir. Dec. 7, 2011).

Once the moving party presents evidence sufficient to support a motion under Fed. R. Civ. P. 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. The nonmoving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *60 Ivy Street*, 822 F.2d at 1435. The moving

party is entitled to summary judgment if the nonmoving party fails to make a sufficient showing on an essential element of the nonmoving party's case with respect to which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

### III. Analysis

Other courts have dismissed defendants who are not the parties in interest in a lawsuit. *See e.g., Cummings v. Jai Ambe, Inc.*, No. 11-CIV-8213, 2013 WL 620186, at *4 (S.D.N.Y. Feb. 13, 2013) (noting that "the previous case was dismissed because the Plaintiff brought the action against the incorrect defendants, not due to a lack of personal jurisdiction . . . ."); *Bennett v. Strategic Restaurants Acquisition Co., LLC*, No. 09-295-C, 2009 WL 3150433, at *1, n.1 (M.D. La. Sept. 30, 2009) (noting that "[d]efendant Burger King moved to dismiss or remand the action arguing that it was not the proper party defendant and identified SRAC as the correct owner of the Burger King at issue. . . . The court granted defendant's motion to dismiss based on the fact that plaintiff named the wrong defendants. . . .").

In *Cullinane v. Arnold* the district court addressed a motion to dismiss a case brought against individual employees of the Internal Revenue Service ("IRS") instead of the IRS itself. No. SA CV 97-779GLT(EEX), 1998 WL 241510 (C.D. Cal. Mar. 30, 1998). The court granted a motion to dismiss the individual employees, noting:

> However, since Plaintiff has not named the IRS as a party, but has named individual employees of the IRS as the Defendants, the Court must dismiss this complaint. The head of an agency or other agency officials sued in their official capacities are not proper party defendants under FOIA. The only proper party defendant to Plaintiff's FOIA action is the Internal Revenue Service. This Court will construe plaintiff's request for a writ of mandamus as a FOIA claim. Since Plaintiff's complaint names improper defendants, the motion to dismiss the claim is GRANTED. Plaintiff is given 45 days leave to amend in order to name the Internal Revenue Service as the proper defendant.

*Id.* at *2.

In this proceeding the Debtor has failed to provide any evidence rebutting the Defendant's assertion that it is not the owner of the student loans at issue. He has failed to create a genuine issue of material fact regarding the ownership of the student loans. His response does not contend that PHEAA is the owner of the student loans, only that he must be allowed to join the proper party, the U.S. Department of Education through the use of Fed. R. Civ. P. 19.

The court concludes that this case bears similarities with the *Cullinane* case. It appears that the Debtor has sued the wrong party in suing the servicer of his student loan, rather than the owner or guarantor of the loan. However, because the Debtor is pursuing his claims *pro se*, the court will allow him additional time to move to amend his complaint to add the U.S. Department of Education as a defendant in this adversary proceeding. The Plaintiff's claims against the Defendant PHEAA will be dismissed, and the Defendant's motion will be granted.

### IV.     Conclusion

As noted *supra*, the court concludes that the Debtor has failed to raise a genuine issue of material fact regarding whether the Defendant was the owner of his student loans. The Defendant has provided evidence in the form of an affidavit based on personal knowledge that it was not the owner or guarantor of the Debtor's student loans at issue. Therefore, the Defendant's motion to dismiss, converted to a motion for summary judgment, will be GRANTED. The Debtor will have 45 days from the date of this memorandum and accompanying order to move to amend his Complaint to add the U.S. Department of Education as a defendant.

A separate order will enter.

# # #